STEAMBOAT PEMBINAW AND OWNER v. WILSON.

1. PARTIES. A steamboat cannot be a party plaintiff to an action on a promissory note.

*Appeal from Lee District Court.*

MONDAY, APRIL 15.

*J. M. Beck* for the appellant.

No appearance for the appellee.

BALDWIN, J.—The' note sued on was given by the defendant to the " S. B. Pembinaw and owners," and the suit was brought in the name of the Steamboat Pembinaw and owners, without any allegation in the petition that plaintiff was a partnership or corporation doing business under that name and style. The defendant moved to dismiss the cause in the District Court, for the reasons that the petition showed that there was no party plaintiff to the suit, and

Levi v. Keister, et al.

for other like causes. This motion was overruled and judgment for plaintiff was rendered for the amount due on the note.

There is a special provision of our statute under which suits may be brought against boats by their name when a lien is sought to be enforced; but there is no special authority given under which a boat or the owners thereof may sue in the name of such boat. Civil actions are required to be brought in the names of the real parties in interest. Section 1676, Code of 1851. "Pembinaw & Owners" is not alleged to be a corporation or partnership, and is not a party within the meaning of this section. It is probable however that the District Court based the right of plaintiff to sue, in this capacity, upon the provisions of section 1692 of the Code, which says, that where an action is founded upon a written instrument, suit may be brought by or against any of the parties thereto, by the same name and description as those by which they are designated in such instrument. We cannot think that the legislature intended by the enactment of this section to provide that a suit could be brought in name of a steamboat, hotel, toll-gate or race-horse, although each may have a name and may be made the payee of a note. Suits must be brought in the name of the real parties in interest; and "names," as here used, does not refer to something inanimate, or having no legal existence but to something that can sue or be sued, as persons or corporations, and that, as such, can have an interest in a suit.

Judgment reversed.