W. B. CUPPY, Administrator, Appellant, v. A. W. COFFMAN, Appellee.

1. **Administrators:** CAPACITY TO SUE: BOND. Where after the commencement of an action by one in his capacity as administrator, his bondsmen were upon request released, and no acceptable bond being filed, his letters of administration were revoked, *held*, that the action was, upon the application of the defendant, properly dismissed.

2. ———: ACTION : COSTS. In such a case the administrator should not be held personally liable for costs accruing in the action prior to his removal.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

FRIDAY, FEBRUARY 6, 1891.

THIS action was commenced on the twenty-eighth day of August, 1886. The plaintiff seeks to recover

damages of the defendant for causing the death of one Maine by shooting him with a revolver. The plaintiff, at the commencement of the suit, was administrator of the estate of Maine. The cause was continued from term to term, and on the twenty-third day of February, 1889, John Cool, who was a surety on the plaintiff's administration bond, made application to the court to be released from the bond. The court sustained the motion, and ordered that the plaintiff file a new and additional bond in thirty days, to be approved by the clerk of the court. The order was not complied with, and upon an amended answer setting up the want of capacity of the plaintiff to further maintain the action, the court upon the hearing dismissed the action, at the plaintiff's cost, and he appeals.—*Modified and affirmed.*

*Mynster, Lindt & Seabrook*, for appellant.

*Turner, Smith & Cullison*, for appellee.

ROTHROCK, J.—I. The new and additional bond was deposited with the clerk after the thirty days in the order, and he did not approve it for that reason. There was another most cogent reason why it should not have been approved. This reason is that the surety therein was one of the attorneys of record of the plaintiff. Section 2931, of the Code, provides that "no attorney or other officer of the court shall be received as security in any proceeding in the court." The district court did not err in refusing to accept and treat said bond as a valid instrument, and we think that, under all the circumstances, the cause was properly dismissed at the plaintiff's cost. But it is not necessary to definitely determine that question. Further proceedings were had in the court below, whereby the plaintiff was removed as administrator, and his letters of administration revoked. It does not appear that any appeal has been taken from this order, and the plaintiff is in no position to further appear for the estate. It is true

1. ADMINISTRATORS: capacity to sue: bond.

that he claims he has since been reappointed administrator of the estate, but, even if his new relation would entitle him to represent the estate, he has not appealed from the order of removal, and that must be regarded as having been made for sufficient cause. While it is true, as claimed by counsel for the appellant, courts ought, in ordinary cases, to continue causes where bonds are necessary to be executed, and administrators appointed, and the like, yet it is well to remember that attorneys cannot be allowed to promote litigation by becoming surety when it is required to prosecute an action.

II. When the action was dismissed, a personal judgment was rendered against the appellant for the costs which had accrued. This ruling of the court is the subject of complaint. Ordinarily an administrator is not personally liable for costs incurred in the settlement of the estate. We discover no just ground in the record in this case for taxing such of the costs as accrued before the order removing the appellant against him personally. The judgment for costs should have provided that such costs as accrued before the removal should be paid by the estate.

2. ——: action: costs.

The judgment will be so modified. MODIFIED AND AFFIRMED.