.ALICE E. JORDAN, Administratrix of the Estate of H.
C. JORDAN; Deceased, Appellant, v. J. O. HUNNELL,
Executor of the Estate of JAMES H. JORDAN,
Deceased.

: **Settlement of Estate: JURISDICTION.**  After debts and costs are paid
and the administrator discharged, the jurisdiction of the probate
court is exhausted.  It cannot reappoint him to bring suit on a
claim due the estate because the administrator has no right to
enforce the claim.  It became the property of the heirs when his
final report was approved.

*Appeal from Davis District Court.*—HON. H. C. TRAV-
ERSE, Judge.

THURSDAY, DECEMBER 12, 1895.

On April 5, 1894, plaintiff filed an account, duly
·verified, claiming of the defendants three hundred and
sixty dollars for nine hundred bushels of corn "from
·crop of 1890," less fifty-six dollars credited for money
paid. Defendant answered denying any indebtedness,
and alleging that on November 21, 1891, plaintiff had
filed her final report and petition for discharge; that
at the February term, 1892, said report was approved,
and plaintiff discharged, as shown by the order of the
court set out; wherefore he avers that the administra-
tion of the affairs of said estate were adjudicated and
forever closed, and asks that this proceeding go no
further, and that said claim be dismissed. Plaintiff,
in reply, admits that she filed a final report, and was
discharged, as alleged, but says said estate was not
fully settled, for that this claim was not included, and
never has been settled. She avers that on March 14,
1894, "the estate of said H. C. Jordan was reopened,
·the order of final discharge set aside, and this plaintiff

was empowered to proceed as administratrix of said estate upon filing a new bond in the sum of $600." She alleges that she filed the bond, took out new letters, and in all respects complied with the law and order of the court. Her petition and the order of the court thereon are set out as exhibits to the reply. Defendant demurred to the reply upon grounds in substance as follows: That the facts alleged in the reply are no defense to, and do not avoid, the defense pleaded in the affirmative allegations of the answer; that said reply shows that long prior to making said order of March 14, 1894, the estate of H. C. Jordan, deceased, had been fully administered upon, adjudged legally closed, and the administratrix discharged, wherefore the court had no jurisdiction to make said order of March 14, 1895. This demurrer was sustained, and, plaintiff electing to stand upon her reply, judgment was entered against her, from which she appeals.—*Affirmed*.

*L. E. Coad* and *McElroy, Roberts & Heindel* for appellant.

*Seneca Cornell* and *Carruthers & Rominger* for appellee.

Given, C. J.—The order of the court made at the February term, 1892, is as follows: "Now, on this fifth day of the term, the final report of Alice E. Jordan, administratrix of said estate, coming on for hearing, and it appearing to the court that more than one year has passed since the administratrix gave notice of her appointment, that all claims filed and allowed against said estate have been paid, and that notice by personal service of filing of this report has been given to the heirs of said estate, it is therefore ordered by the court that the said report be, and it is, approved, and the administratrix be discharged, and her bondsmen released from further liability." The petition of

plaintiff upon which the order of March 14, 1894, was made is in substance as follows: It recites that she is the widow of H. C. Jordan, deceased, her former appointment, final report, and discharge; that the estate was fully settled, except this claim, which was not included for the reason that it was believed that because of the relations of the parties interested the claim would be paid, but that, because of the death of J. H. Jordan, it had not been paid; that three hundred dollars were due on the claim, which ought to be filed and collected, and praying as follows: "And for the purpose of collecting said claim petitioner asks that the estate of said H. C. Jordan be reopened, and petitioner's final report filed therein be set aside, and that she be empowered to proceed as the administratrix of said estate upon filing her new bond in the sum to be fixed by the court." The following is the order of court made March 14, 1894, upon said petition: "In the matter of the estate of H. C. Jordan, Deceased. March term, 1894. Now, on this third day of the term comes on for hearing the application of Alice E. Jordan, late administratrix of the above-named estate, to reopen the estate aforesaid for the purpose of filing and collecting a claim against the estate of J. H. Jordan, deceased, and the cause is submitted to the court; and, the court, being fully advised in the premises, said application is granted as prayed for. Bond of administratrix fixed at $600.00, March 14, 1894."

Appellant correctly states the question raised by the demurrer to be this: "Had the court jurisdiction to make the order reappointing plaintiff administratrix?" Appellant contends that this is a collateral attack upon said order; that the court had jurisdiction to make the order, and therefore it cannot be attacked collaterally. Appellee says: "We here and now frankly admit that if the court retained its jurisdiction over the estate after making the order at February

term, 1892, then the order made in March, 1894, is valid and it cannot now be attacked collaterally." Appellee insists that jurisdiction ceased when the order was made at the February term, 1892, approving plaintiff's final report, and discharging her and her bondsmen. Appellant cites many authorities to show what a collateral attack is, and that this is such an attack. These we need not here notice, as it is plain that the question to be considered is whether the court had jurisdiction to make the order of March 14, 1894. There is no question but that the district court of Davis county had jurisdiction over the estate of H. C. Jordan, but the contention is whether that jurisdiction did not cease and terminate upon the settlement with and discharge of plaintiff and her bondsmen in 1892.

Appellant contends, and properly so, that administration is a proceeding *in rem* for the purpose of administering the assets as between creditors, heirs, legatees, and the surviving spouse. It follows that if there is no *rem*,—no assets,—there is no jurisdiction. It may be conceded that if, after what was supposed to be a full and final settlement, and after an order discharging the administrator, other assets are found to be administered upon, and other debts to be paid, the court having jurisdiction of the estate may order further administration. *Crossan v. McCrary*, 37 Iowa, 684. It will be observed that in this case all debts against the estate, and all costs and expenses of administration were paid prior to plaintiff's discharge in 1892, and that no other debts have been found; therefore there are no creditors to be protected by further administration. The sole purpose of further administration is the collection of the claim in suit, and it is said that in this claim we have the *rem* that gives jurisdiction to order further administration. This brings us to inquire, to whom does this claim belong,—to the estate or to the widow and her heirs? for we have seen that

there is no right of creditors to intervene. *Phinny v. Warren,* 52 Iowa, 332 (1 N. W. Rep. 622, 3 N. W. Rep. 157), was an action by the heirs of Joseph P. Phinny, deceased, to recover upon a promissory note executed to deceased, brought after a lapse of five years from his death. No administration was had upon the estate, and this court held: "As no administrator can now be appointed, it appears to us that their interest is subject to nothing. Whatever obstacle, then, there might have been at one time to their maintaining an action, it has ceased to exist." After further argument upon a rehearing, the court, adhering to the opinion, says: "During such statutory period it may possibly be the title to the property is in abeyance. At its expiration, however, the title thereto vested in the heirs at law, and they may maintain an action thereon." If there has been no administration the lapse of time allowed therefor vests the assets in the heirs. It seems clear that it so vests when full administration has been had. In *Kelley v. Mann,* 56 Iowa, 625 (10 N. W. Rep. 211), it was held that the administrator *de bonis non* could not recover upon the bond of the former administrator for the proceeds of life insurance collected by her. Such proceeds being exempt from the debts of the estate, it was held that the persons entitled thereto, and not the administrator *de bonis non,* could maintain an action upon the bond of the first administrator to recover the same. If the proceeds of life insurance vest in the heirs immediately because exempt from liability for the debts of the estate, surely other assets should so vest when it is shown by the final report, approved, that all debts are paid, and the estate fully administered. *Stewart v. Phenice,* 65 Iowa, 476 (22 N. W. Rep. 630), was an action upon the bond of a former administratrix to recover a balance in her hands. It was held that, as

the former administratrix had not given notice to creditors to file their claims, wherefore it could not be known whether there were debts to be paid or not, the plaintiff could maintain the action. The court, referring to *Kelly v. Mann, supra,* says: "If there were no claims against the estate in this case, it would be governed by the same principle. The heirs would have their action on the bonds for their distributive shares of the fund, but plaintiff would have no interest in it." It seems to us entirely clear that by the facts disclosed in plaintiff's reply all interest in this claim vested in the widow and heirs of H. C. Jordan, deceased, upon the approval of said final report; that there were, therefore, no assets upon which to order further administration; and that said order of March 14th, was made without jurisdiction. The demurrer was properly sustained, and the judgment is therefore *affirmed.*