R. Fred DUMBAUGH, Trustee, Appellee,

v.

CASCADE MANUFACTURING COMPANY, Appellant.

No. 60335.

Supreme Court of Iowa.

April 19, 1978.

**764**

Dave Hughes, Cascade, for appellant.

R. L. Donohue, Donohue Law Office, West Union, for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

The controlling question is whether this litigation should have been permitted to proceed over defendant's repeated motions to dismiss on the ground there was no plaintiff *in esse*. We hold the action should have been dismissed and reverse the judgment entered below.

Defendant Cascade Manufacturing Company, a building materials supplier, delivered components for a structure to be built on a site owned by West, one of its dealers. West was to pay cash but his financing arrangement fell through. Upon his request Cascade picked up the materials on April 24, 1974.

May 2, 1974, West filed petition for voluntary bankruptcy.

May 14, 1974, R. Fred Dumbaugh was named trustee in bankruptcy.

March 14, 1975, Dumbaugh as trustee brought this action in Dubuque district court against Cascade, claiming return of the building materials was a preference and demanding judgment for its value.

February 9, 1976, the bankruptcy estate was closed and Dumbaugh was discharged as trustee.

June 14, 1976, Dumbaugh amended his petition and moved for summary judgment.

Answering, Cascade affirmatively denied plaintiff Dumbaugh's status as trustee, and moved to dismiss.

July 6, 1976, hearing was held. Cascade introduced into evidence a certified copy of the bankruptcy court order closing the estate and discharging Dumbaugh. Trial court admitted the exhibit but overruled Cascade's motion to dismiss, as well as Dumbaugh's motion for summary judgment.

September 16, 1976, this case came on for trial. Before evidence was introduced, Cascade again moved to dismiss on the basis of the certified copy of the bankruptcy court order. This motion was renewed at close of plaintiff's evidence, defendant pointing out the essential allegation of the petition relating to plaintiff's status and capacity to pursue the action had not been proved. The motion was renewed at close of all evidence. All these motions were overruled.

September 29, 1976, trial court entered written "Findings of Fact, Conclusions of Law and Order." The court found Dumbaugh was trustee when suit was instituted, but had been discharged as indicated in the bankruptcy court order. The court concluded Cascade had no perfected mechanic's lien as against West's creditors, the redelivery was a preference, and "the trustee is entitled to recover the reasonable value thereof or $8,119.73."

Trial court found "no such person as R. Fred Dumbaugh, Trustee in Bankruptcy of Leslie George West is in existence at this time," it could make no order substituting a new party plaintiff without some showing who was entitled to succeed to the claim and:

"Because of the foregoing, the Court, having no plaintiff in esse, must abate the action pending further showing of who constitutes a proper party plaintiff."

There is some indication in the appendix that on October 28, 1976, the bankruptcy court reopened the trust and reinstated Dumbaugh as trustee. Apparently a copy of that order was filed in this proceeding. Dumbaugh requested he be "reinstated as party-plaintiff."

January 17, 1977, trial court "reinstated" Trustee Dumbaugh as party plaintiff in this action and without further evidence rendered judgment against Cascade for $8,119.73.

■ Ordinarily, litigation in this jurisdiction minimally requires one plaintiff and one defendant. See rule 22 and following, Rules of Civil Procedure. It is an elementary rule of law that a party plaintiff must have capacity to sue in order to commence and maintain an action. *Pearson v. Anthony,* 218 Iowa 697, 700, 254 N.W. 10, 12 (1934).

■ Of course a transfer of interest in a pending action does not abate it, but may be the occasion for bringing in new parties. Rule 16, R.C.P. However, we are not confronted with a transfer of interest situation.

■ In this case Cascade timely and specifically raised the issue of plaintiff's fiduciary status in its amended answer. On its first motion to dismiss it presented solid proof of termination of the trust and plaintiff Dumbaugh's discharge as trustee.

Plaintiff apparently took no action to be reinstated. He made no effort to invoke the provisions of rule 20, R.C.P.:

> "When any public official, or any administrator, express trustee or other person in a representative capacity, ceases to be such while a party to a suit, the court may order his successor brought in and substituted for him."

See *Rick v. Boegel,* 205 N.W.2d 713 (Iowa 1973).

In this case not only was the trustee discharged, there was no bankruptcy estate to be administered after the bankruptcy court order of February 9, 1976.

Plaintiff elected to go to trial with these circumstances unchanged. At no point did he offer any evidence to prove a trust existed or that he was trustee. He made no motion for continuance or to leave the record open for submission of subsequent proof.

We need not pinpoint which of Cascade's repeated motions should have been sustained. It is sufficient to hold that in the circumstances disclosed by this record at least the last motion should have been sustained. See *Cuppy v. Coffman,* 82 Iowa 214, 47 N.W. 1005 (1891). No defendant should be forced to trial when there is no plaintiff *in esse,* with the recipient of the obligation thus established to be identified at a later date. Nor under these facts was trial court obliged to protect plaintiff's rights on its own motion.

We reverse the judgment entered below. Costs are taxed to the plaintiff.

This disposition makes it unnecessary for us to reach other issues raised by defendant.

REVERSED.