# IN THE COURT OF APPEALS OF IOWA

No. 16-0424
Filed December 21, 2016

**ARTHUR RENANDER,**
     Petitioner-Appellant,

**vs.**

**HIGH COUNTRY DEVELOPMENT COMPANY, NORTHERN INVESTMENTS, L.C., and RAI, L.L.C.,**
     Defendants-Appellees.
_____

Appeal from the Iowa District Court for Johnson County, Sean W. McPartland, Judge.

The petitioner appeals from the district court's dismissal of his petition for declaratory judgment. **APPEAL DISMISSED.**

Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

Thomas D. Hobart and Grant D. Lientz of Meardon, Sueppel & Downer P.L.C., Iowa City, for appellees.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

These parties have been involved in protracted litigation concerning a specific piece of property. In the instant case, the plaintiff, Arthur Renander, filed a petition for declaratory judgment asking the district court to determine whether the defendants' inaction in closing on the property in question had waived the rights given to them by an earlier settlement agreement between the two parties. The defendants filed a motion to dismiss Renander's petition for declaratory judgment, and the district court granted it, concluding "to permit [Renander] to proceed with their petition at this time would be tantamount to reopening a matter which already has been decided, contrary to the law of the case." In making its ruling, the district court relied on a court of appeals decision involving these parties and the enforceability of the settlement agreement still at issue. *See N. Invs., L.C. v. Renander*, No. 14-1454, 2015 WL 6509540, at *2 (Iowa Ct. App. Oct. 28, 2015). Renander appealed from the district court's dismissal.

After filing his appeal, on April 25, 2016, Renander filed a quitclaim deed, in which he quit claim to "all [of his] right, title, interest, estate, claim, and demand in the" real estate in question. The defendants then filed a motion to dismiss Renander's appeal.

The defendants claim, "The only rights granted to Renander by said Settlement Agreement pertain directly to the acquisition of that Property in the form of the exclusive right to purchase the Property within a certain period of time from the date of its listing for sale and a right of first refusal . . . ." They assert those rights were extinguished with the execution of the quitclaim deed, which thereby rendered Renander's appeal moot.

Renander responds that even if the execution of the quitclaim deed divested him of all interest in the property, "he may continue prosecuting this case as the named party in interest." Renander relies on Iowa Rule of Civil Procedure 1.222 for the proposition, which states, "Transfer of an interest in a pending action shall not abate it, but may be the occasion for bringing in new parties." This rule does not apply here. As our supreme court has previously explained:

> A capacity to sue is the right of a party to come into court, while, on the other hand, a cause of action is the claim itself, the right to relief in court. While it is necessary that there be a party plaintiff to commence and maintain a cause of action, the parties and the claim are separate and they exist apart from each other. Generally, the discharge or removal of the personal representative of an estate does not abate a pending action.

*Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 313 (Iowa 1982).

In other words, the loss of the party to an action does not defeat the claim. *Id.* ("We hold that the closing of the estate does not automatically terminate or abate a pending action commenced on behalf of the estate, although, at some period a successor or assignee must come forward to replace the plaintiff."). But here, the claim itself is no longer viable; there is no other party who may undertake Renander's appeal, and Renander himself no longer has a justiciable interest in the outcome. *See Dumbaugh v. Cascade Mfg. Co.,* 264 N.W.2d 763, 764 (Iowa 1978) (indicating the court could make no order to substitute a new plaintiff "without some showing who was entitled to succeed to the claim"); *see also Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983) ("A claim will be dismissed for mootness if 'it no longer presents a justiciable controversy because the issues involves are academic or nonexistent.' A case is

moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." (citations omitted)).

Because Renander's requested relief[1] is a declaration involving his right to purchase the land in question, and Renander has filed a quitclaim deed giving up any such rights since filing his appeal, the appeal is now moot. We dismiss it.

**APPEAL DISMISSED.**

---

[1] We note Renander also requests the "return" of the signed warranty deed that was delivered to the defendants pursuant to a prior court order. While Renander was the signatory on the deed, he signed it, and it was delivered, on behalf of RAI.