**IN THE COURT OF APPEALS OF IOWA**

No. 22-1450
Filed November 21, 2023

**THE ESTATE OF PENELOPE LEWIS,**
    Plaintiff-Appellant,

**vs.**

**BRIAN MICHAEL LOONEY and FASTENAL COMPANY,**
    Defendants-Appellees,

**COREY MITCHELL,**
    Third-Party Defendant.
_____

    Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.


    The Estate of Penelope Lewis appeals the dismissal of its negligence claim

against Brian Looney and his insurance company. **REVERSED AND REMANDED**

**FOR FURTHER PROCEEDINGS.**


    John J. Rausch of Rausch Law Firm, PLLC, Waterloo, for appellant.

    James W. Bryan of Andersen & Associates, West Des Moines, for

appellees.


    Heard by Bower, C.J., and Buller and Langholz, JJ.

**BOWER, Chief Judge.**

The Estate of Penelope Lewis (Estate) appeals the dismissal of its negligence claim against Brian Looney and his insurance company (collectively Looney). The petition claims Looney's negligence caused injury to Penelope Lewis. Lewis has since died, but her negligence cause of action was not extinguished by her death. Iowa Code § 611.20 (2020) ("All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.").

It is "an elementary rule of law that a party plaintiff must have the capacity to sue in order to commence and maintain an action." *Dumbaugh v. Cascade Mfg. Co.,* 264 N.W.2d 763, 765 (Iowa 1978). Section 611.22 provides, in part: "Any action contemplated in section[] 611.20 . . . may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased."

This case was filed by Lewis's estate pursuant to the authority of its legal representative, Antwan McBee.[1] There is no question the Estate had the capacity to bring this suit. Further, there is no question the district court had subject matter jurisdiction to hear the suit. The questions presented are whether the Estate had the capacity to *maintain* the suit and whether the district court had authority to continue the trial. Because we conclude the court did have authority to continue the trial and the defense's complaint came too late where it was aware of the

---

[1] Iowa uses the term administrator; Illinois uses the term independent representative. McBee and the third-party defendant, Corey Mitchell, are Lewis's sons.

closing of the estate and made no complaint during pretrial motions, jury selection, opening statements, and two full days of testimony, we reverse and remand for further proceedings.

**I. Background Facts and Proceedings.**

The Estate filed the negligence claim on October 21, 2020, and an amended petition on November 2, 2020. Looney initially denied a number of allegations, including liability. Seventeen months later, on April 25, 2022, Looney filed an amended answer admitting the Estate was opened in Illinois, "Antwan McBee has been appointed the administrator of the estate," "Looney was negligent in failing to maintain a proper lookout [and] failing to be able to stop in the assured distance," and Looney's negligence was a cause of Plaintiff's injuries. A jury trial would determine issues of comparative fault and damages.

A hearing on pretrial motions was held on May 20, 2022. While a number of matters were discussed—including unfair surprise—the defense made no motion to dismiss.

On May 25, 2022—the third day of the jury trial, the defense asked McBee, "And then am I correct that the estate was closed last month?" McBee responded, "I'm not sure." The court called a recess. The defense informed the court it had learned the Illinois probate estate was closed and asserted the court was without jurisdiction to proceed. When the Estate's counsel asked defense counsel when he became aware the estate was closed, defense counsel stated, "I'll answer that question if the court asks me to answer that question." The court noted the filing provided by defense counsel indicated the estate was closed on April 20, so "it's recent." The following exchange then occurred:

THE COURT: Was there no ancillary estate opened in Iowa?

[ESTATE COUNSEL]: We didn't believe we had to. I mean, under the rules as long as an estate was open—and I could request that an estate be open now, you know, here in Iowa. I mean, we—if we would have been given notice of this by—then I would have had a chance to remedy this. And, you know, I could request an estate be opened now. I mean, clearly there was—. . . the estate just has to be reopened. . . . All we have to do is the state of Illinois has to reopen the estate to allow this to proceed. I think it's just a functional . . . matter. And—and, personally, we could have done that if we would have been—you know, if Mr. —if we would have been provided notice of that. We wouldn't be here right now. We would have had that done.

[DEFENSE COUNSEL]: For the record, since that was sort of lodged at me, . . . I do think it's a bit much to suggest that the— [Estate counsel] represents the estate, or what was the estate, and, therefore, when the estate closes, that's his client, so his client would have to tell him that the estate closed. It's not my duty to do that. I didn't also know that until I established it for sure with the witness.

At 10:10 a.m., the court called the jury back to announce a recess was required to review legal issues.

At 1:35 p.m., outside the presence of the jury, the matter reconvened. The court stated it was in receipt of an emergency Illinois order reopening the estate. The parties agreed there was no factual dispute the estate was closed on April 20 and reopened during the recess.

The defense then made a motion to dismiss on the ground there was no plaintiff in existence at the time trial started and, consequently, the court was without subject matter jurisdiction, citing *Dumbaugh*. The defense also asserted that because the estate was closed, McBee had no capacity to sue when trial started. The defense raised an additional basis for dismissal—the failure to list the cause of action as an asset of the estate, citing *Bronner v. Exchange State Bank*, 455 N.W.2d 289 (Iowa 1990).

Estate counsel asked the court to note the defense learned of the closure of the estate fourteen days prior.[2] The Estate argued the real party in interest was present throughout the trial and cited Iowa Rule of Civil Procedure 1.201 as providing the proper procedure to follow here. Counsel argued that if the defense had filed a motion when they gained knowledge of the estate's closing—rather than waiting—the situation could have been remedied. Counsel relied on *Troester v. Sisters of Mercy Health*, 328 N.W.2d 308, 310 (Iowa 1982), where the court noted the discharge or removal of personal representative of estate does not abate a pending action. Counsel argued that in *Dumbaugh* the court had noted the plaintiff had an opportunity to cure and did not do so; but here, the Estate had taken immediate action upon being alerted of the issue and obtained the emergency order reopening with three hours. Counsel contended the defense's act of waiting two weeks and through three days of trial was dilatory and, if the court granted the motion to dismiss, had wasted judicial resources.

The trial court observed:

> When there are motions to dismiss of this type where there's no factual dispute but rather a legal dispute that [was] brought up in the pleadings, then the court, essentially, is to treat these types of motions to dismiss as a motion for summary judgment, or at least akin to that. And that's based on the *Troester* case.
> . . .
> Because of that, the court feels that making a ruling is required in this case and that I'm not able to proceed by allowing additional testimony or going forward with the closings in the case or letting the jury make a deliberation and a decision.
> Certainly, it's not very—doesn't really take into account the strong desire of a district court to take into consideration judicial economy, but if this is a situation where there's no jurisdiction, I

---

[2] Defense counsel informed the court his client did not give him authority to stipulate to when he learned about the closing. But when asked if his client denied it was fourteen days ago, counsel responded, "No."

cannot—cannot create authority for—to act where I have no authority to do so.

The trial court rejected the defense argument the proceedings should be dismissed for failing to include the action in the Illinois probate action because the Iowa court had no power to reopen the estate. It also rejected the defense's argument McGee lacked capacity to sue, reasoning:

> In this case I don't think that there is any dispute that there was an open estate at the time the petition was filed, so I don't find that there is a basis to dismiss it for the capacity to sue argument.
>
> However, when we get to the cause of action argument, there's a line of cases that certainly favor the Court dismissing actions where there is a cause of action where there's no petitioner. Bankruptcy trusts, in trusts, in probate cases such as this, estates, and that seems to be the favored method, going through each of those cases. And the cases I've relied on have been the *Cuppy* [*v. Coffman*, 47 N.W. 1005 (Iowa 1891)] case, the *Dumbaugh* case, the *Bronner* case that was referenced. I've reviewed the *Jordan v. Hunnell* case[, 65 N.W. 302 (Iowa 1895)]. And I've looked at a couple other cases, like the *Estate of Dyer* . . . 533 N.W.2d 221 [(Iowa 1995)].
>
> Reviewing that line of cases, that seems to be what the policy tends to be, is to not require a defendant to go through trial when there is no plaintiff to be had. There are different circumstances in each of those cases, and none of them seem to hit this particular issue right on point where you're in the middle of trial when this comes up.
>
> So I think the most guiding case is the *Troester* case. That *Troester* case seems to carve out an exception to what that line—that line of cases concludes, that it should be dismissed. And that *Troester* case allows it because the administrator in that case had been reappointed and the estate was reopened prior to the trial, because this was brought up, essentially, in a pretrial motion.
>
> In this case we have this occurring during the trial and not prior to the hearing. That case, in a couple places, references the fact that the *Troester* case is different than *Dumbaugh* and *Cuppy* because the executor was reappointed, or the trustee was reappointed prior to the hearing, prior to the trial.
>
> In this situation it seems that there's been a defendant that's been forced to trial where the plaintiff lacks fiduciary capacity to—not really to sue, but to continue the claim, the cause of action.
>
> The argument regarding Rule 1.201, which is the substitute petitioner—I know all these cases say[] that the court, as long as the

plaintiff substitutes its plaintiff, then it can still go forward with trial, and just because the plaintiff was substituted doesn't, essentially, end the claim with the court.

However, in this case we went through a motion in limine last Friday, and then two days, plus some testimony today, in trial where we had no plaintiff sitting. I understand that the prior executor, and the now executor that's been reappointed, has been present in the courtroom; however, that was not done under Rule 1.201 for substitute petitioner in a timely manner for those first few days of trial.

In *Troester*, the court references the *Dumbaugh* case, where the plaintiff did not avail himself of . . . [Rule] 1.201, which allows the successor to discharge trustee to be brought in and substituted as a party. So certainly the court, in *Troester*, took that into consideration.

Here, I think it's more similar to *Dumbaugh*, where the plaintiff did not avail himself of that rule in a timely manner. I understand that going forward with the rest of the trial we might be able to have a plaintiff; however, during the first three days of trial where the court was making decisions, the court believes it was without jurisdiction to make those decisions to take the testimony and to hear the case.

. . . .

I understand that there is also an argument regarding the spirit of a trial scheduling order, and I know that the court . . . referenced that recently on a different kind of case, not on this particular issue.

Although that argument has been made and although having these things brought up at the last minute doesn't sit well in the guts of most district court judges, the court really finds that it cannot go forward if it does not have subject matter jurisdiction. So although I sympathize with the fact that Petitioners have had considerable expense, and I think that's undeniable, as have the defendants, the court has had considerable expense, bringing in jurors for three days, the resources it's used, the court can't use that as a justification to create subject matter jurisdiction for the days that have passed.

Although I am not shifting the blame on the knowledge of the closing of the estate on Defendant, I agree it's frustrating at times that that was not disclosed; however, to be quite frank, the—the executor of the estate was the one that signed off on the final report. He would have been the one that received the paperwork from the attorney. He would have—I mean, obviously, his signature is on there. He knew it occurred.

. . . .

With that said, the court finds this matter should be dismissed for the lack of jurisdiction. There was no ancillary estate, so I can't make—there was no ancillary estate in this case filed in the state of Iowa, so the court can't remedy any sort of issues regarding appointment of executor. Although it's been remedied now in the state of Illinois, those few days without it really distinguish this case

from—from that carved out exception set forth in the . . . the *Troester* case.

The Estate filed a motion to reconsider, enlarge, or amend, asking the court to address the defense's violations of Iowa Rules of Civil Procedure 1.500 and 1.503(4), failure to provide notice of exhibits as required by the trial scheduling order, and failure to amend its pleadings. It also asked the court to explain "what type of jurisdiction it lacked."

The court issued a written ruling, providing in part:

> In the case here, the supposed administrator, Mr. McBee, did have the capacity to bring the original petition on behalf of the estate because he properly filed the suit after he was named administrator, unlike in *Pearson* where the plaintiff filed before. But the closing of Ms. Lewis'[s] estate after the pleading and discovery stage terminated Mr. McBee's capacity to sue just before the trial and thus terminated his ability to "maintain an action." Without Mr. McBee's capacity to sue, there was no properly situated plaintiff in the courtroom, and the court then lacked the authority to hear the case.

The court turned to possible exceptions, determined *Troester* was distinguishable because the estate administrator was reinstated before trial began, found the defense had not violated its duty to disclose information about which the independent representative was aware, and found the real party in interest was not McBee but rather the estate, which ceased to exist before trial began. The court denied the motion to reconsider. The Estate appeals, contending the trial court erred in dismissing the case.

## II. Scope and Standard of Review.

"We review the district court's ruling on a motion to dismiss for correction of errors of law. A decision to sustain or overrule a motion to dismiss must rest on

legal grounds." *In re Est. of Voss*, 553 N.W.2d 878, 880 (Iowa 1996) (internal citation omitted).

**III. Discussion.**

This case raises questions about the gray areas of "jurisdiction," a term both general and specific. So, we start with definitions. The dictionary definition of jurisdiction is "the power, right, or authority to interpret and apply the law." Jurisdiction, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/jurisdiction (last visited Nov. 15, 2023). Our state constitution provides, "The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law." Iowa Const. art. 5, § 6. Iowa Code section 611.2 defines a civil action as "a proceeding in a court of justice in which one party, known as the plaintiff, demands against another party, known as the defendant, the enforcement or protection of a private right, or the prevention or redress of a private wrong." Iowa Code section 602.6101 provides:

> The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court, tribunal, or administrative body. The district court has all the power usually possessed and exercised by trial courts of general jurisdiction, and is a court of record.

"'Subject matter jurisdiction' refers to the power of a court to deal with a class of cases to which a particular case belongs." *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989). "Subject matter jurisdiction is conferred by constitutional or statutory power." *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa

2006). Here, Looney asserted the district court was without subject matter jurisdiction of the case. But the district court clearly had subject matter jurisdiction of this civil action as provided by Iowa Code section 602.6101.

The question is whether the district court lacked *authority* to hear the case. *See Christie*, 448 N.W.2d at 450 ("A court may have subject matter jurisdiction but for one reason or another may not be able to entertain the particular case. In such a situation we say the court lacks authority to hear that particular case. Sometimes we have referred to "lack of authority to hear the particular case" as lack of jurisdiction of the case."); *see also Iowa Coal Min. Co. v. Monroe Cnty.*, 555 N.W.2d 418, 428 (Iowa 1996) ("Capacity relates to a party's personal or official right to litigate the issues presented by the pleadings. Want of capacity to sue has reference, not to the existence of a plaintiff, but to legal disability . . . , which deprives a party of the right to come into court. . . . In short, a party must have capacity to sue before the party may commence and maintain a cause of action. However, *lack of capacity does not relate to jurisdiction of the court*; it only relates to any legal disability that deprives a party of the right to come into court." (emphasis added) (internal citations omitted)).

Did the administrative closing of the Illinois estate—as suggested by the trial court—"terminate" the court's authority to hear the case? We think not. As noted in *Troester*, the cause of action was not extinguished by the closing of the estate. 328 N.W.2d at 313. Iowa Code section 611.22 allows that "[a]ny action contemplated in sections 611.20 . . . or the court, on motion, may be continued, by or against the legal representatives or successors in interest of the deceased." The legal representative may have lost capacity to maintain the suit upon the

closing of the estate, but as is contemplated by section 611.22, he made a motion to proceed because the probate court in Illinois had reopened the estate and again appointed the individual representative.

The trial court noted the concern for a defendant being "forced to trial where the plaintiff lacks fiduciary capacity to . . . continue the claim, the cause of action." But as was held in *State v. Mandicino*, "where subject matter jurisdiction exists, an impediment to a court's *authority* can be obviated by consent, waiver, or estoppel." 509 N.W.2d 481, 482–83 (Iowa 1993).  Looney was not forced to trial.  Rather, he was aware of the closing of the estate and made no complaint during pretrial motions, jury selection, opening statements, and two full days of testimony, including his own testimony and two expert witnesses.  To characterize these circumstances as one being "forced" to trial is simply a misnomer.  We conclude the trial court erred in dismissing this action.  We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**