# IN THE COURT OF APPEALS OF IOWA

No. 20-0043
Filed February 3, 2021

IN RE THE MARRIAGE OF KATHERINE MARIE STEFFENSMEIER
AND MATHEW ROHAN BOON

Upon the Petition of
KATHERINE MARIE STEFFENSMEIER, n/k/a KATHERINE MARIE HUNOLD,
    Petitioner-Appellee,

And Concerning
MATHEW ROHAN BOON,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Wyatt Peterson,

Judge.

A former husband appeals the district court's dismissal of his petition to

vacate or modify the parties' decree of dissolution of marriage. **AFFIRMED.**

Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

Marlis J. Robberts of Robberts & Kirkmann, L.L.L.P., Burlington, for

appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Mathew Boon appeals the district court's dismissal of his petition to vacate or modify a decree of dissolution of marriage. We affirm the dismissal as the previously imposed discovery sanction prevents Boon from presenting any evidence in support of his petition that was subject to propounded discovery.

## I.  Facts & Proceedings

Katherine Steffensmeier, now known as Katherine Hunold, and Boon were married in July 2014. In June 2017, Hunold filed a petition for dissolution of marriage. The parties reached an agreement that resolved all pending issues. The parties filed a stipulation on March 29, 2018, and the court entered a decree incorporating the stipulation the next day.

Nearly one year after the entry of the decree, on March 29, 2019, Boon filed a petition to vacate or modify the decree of dissolution of marriage. In his petition, Boon alleged the decree "was obtained through fraud" because Hunold "failed to disclose necessary financial information when filing her affidavit of financial status as well as when responding to discovery requests."

Hunold filed an answer to Boon's petition, denying all the claims set forth in Boon's petition and requested discovery of Boon.[1]  Boon failed to respond to

---

[1] The interrogatories sought discovery related to Boon's claim. Of particular note, one of Hunold's interrogatories asked:
> What in full specific detail is each [sic] every fact or allegation that supports [Boon]'s claim that the decree should be vacated, and for each such fact or allegation, what witnesses will be testifying as to that allegation, what other persons have knowledge of that allegation, what documents support each allegation, and what was the date any such allegations occurred?

Hunold's discovery requests, and Hunold filed a motion to compel discovery.[2] The court granted the motion. However, Boon failed to comply within the prescribed time, and Hunold moved for sanctions. In her motion for sanctions, Hunold also asked the court to dismiss Boon's petition to vacate, "as [Boon] can't even produce evidence to support his claim."

A hearing on the motion for sanctions was held. At the hearing, Boon testified regarding his efforts to comply with Hunold's discovery request. He stated immediately before the hearing he attempted to electronically submit documents related to some of the interrogatories.[3] Boon was asked why he had not answered all of the interrogatories, and he responded that it was "due to an IRS filing." On cross-examination, Boon admitted that he had not delivered any discovery responses to Hunold's counsel as required in the court's order compelling discovery.

The court granted Hunold's motion for sanctions. The court found that Boon "admitted to receiving the discovery requests" but "did not provide any other reasons for his failure to timely provide the responses to the discovery requests that he was compelled to provide." In determining the appropriate sanction, the court noted that Hunold "requested the court dismiss [Boon]'s action as a sanction" but concluded the appropriate sanction should be "to prohibit [Boon] from

---

[2] In the initial dissolution action, a motion to compel and a motion for sanctions was filed due to Boon's failure to respond to discovery.

[3] Boon attempted to file three documents as exhibits for the hearing with the clerk of court, which were rejected. The documents appear to be Hunold's financial affidavit from the dissolution, the original set of interrogatories sent as part of the dissolution without answers, and a response to a request for production from the original dissolution sent by Hunold's counsel.

presenting any evidence or testimony or calling any witnesses as part of his case that should have been included in the responses to the interrogatories and request for production documents."

The order imposing sanctions further ordered,

If [Hunold] reasonably believes that no evidence or testimony could be produced at trial in support of [Boon]'s claims, [Hunold] may renew her motion to dismiss by filing such motion. [Boon] would then be required to respond by outlining what evidence could be presented to support his claims after the court's sanction is imposed.

Subsequent to the hearing and discovery sanctions order, Hunold filed a motion to dismiss. In the motion, Hunold asserted, "As [Boon] is prohibited by the motion for sanctions to introduce evidence regarding these matters, there is no evidence or witnesses that can be offered at trial to support his claim to vacate or modify, and no point in having a trial."[4]

Boon filed a resistance to the motion to dismiss, stating in pertinent part:

Although most of the motion of [Hunold] dealt with [Boon]'s failure to complete discovery the court has already ruled on the motion for sanctions.
. . . .
At this time [Hunold] is somehow attempting to speculate as to what evidence will be presented even though trial has not begun. If [Hunold] believes that [Boon] cannot present sufficient evidence to prove his case, then the appropriate remedy is to file a motion for summary judgement. However, this has not been filed.

At this time [Boon] intends to proceed to trial and present evidence which is admissible.

---

[4] Hunold also attached to her motion the notice of discovery request, request for production of documents, and interrogatories related to Boon's petition to modify or vacate the dissolution.

Without hearing, the trial court treated the motion to dismiss as a motion for summary judgment and granted Hunold's motion, entering an order to dismiss. In ruling, the trial court stated:

> [Hunold]'s motion to dismiss is before the court, as is [Boon]'s resistance thereto. The court views [Hunold]'s motion as a motion for summary judgment.
> . . . .
> [Boon]'s resistance does not state disputed facts as relates to [Hunold]'s motion or what could be submitted in light of the order for sanctions. Summary judgment is appropriate.
> [Hunold]'s motion is granted. [Boon]'s petition for modification is dismissed.

Boon appeals the district court's decision. Boon argues the district court improperly treated Hunold's motion to dismiss as a motion for summary judgment and asks the matter be remanded to the district court for hearing on the petition.[5]

## II.    Discussion

### A.    Standard of Review

As dissolution proceedings are heard in equity, our review is typically de novo. *In re Marriage of Larsen*, 912 N.W.2d 444, 448 (Iowa 2018). However, the subject of this appeal is a ruling on what was filed as a motion to dismiss a petition to vacate; therefore, our review is for correction of errors at law. Iowa R. App. P. 6.907; *U.S. Bank v. Barbour*, 770 N.W.2d 350, 253 (Iowa 2009) ("A ruling on a motion to dismiss is reviewed for correction of errors at law."); *In re Marriage of*

---

[5] Specifically, Boon argues:
> What was filed by [Hunold] was a motion to dismiss. Without any agreement of the parties nor any notice to the parties that the court was going to consider this motion as a motion for summary judgment the court then treated the motion as a motion for summary judgment. The first time that [Boon] knew that the motion to dismiss was being treated as a motion for summary judgment was when the court entered the ruling granting the motion to dismiss.

*Marsh*, No. 12-1572, 2013 WL 1751372, at *2 (Iowa Ct. App. Apr. 24, 2013) ("A proceeding to vacate a judgment under [Iowa Rule of Civil Procedure] 1.1012 is an action at law. Therefore, our review is not de novo.") (citations omitted)).

**B.      Sanctions Hearing and Order Imposing Sanctions**

In the court's order imposing sanctions, the court contemplated a forthcoming "motion to dismiss," which would become the subject of this appeal. However, the trial court's order and directive to the parties appears to mischaracterize the requirements and standards applied to a typical motion to dismiss.

In her motion for sanctions, Hunold asked the court to "impose appropriate sanctions pursuant to Rule 1.517, and other applicable law, including but not limited to . . . entering an order dismissing the application of [Boon]." After a hearing, the court imposed sanctions prohibiting Boon from presenting evidence subject to Hunold's discovery request. In its order, the court noted, "[Hunold] requested the court dismiss [Boon]'s action as a sanction. The court finds the above sanction to be appropriate instead." We note dismissal, as a sanction for a discovery violation is an available, and in limited situations, appropriate sanction for discovery violations. Iowa R. Civ. P. 1.517(2)(b)(3). However, "before the district court may dismiss an action for failure to comply with a discovery order there must be a finding that the failure to comply was a result of willfulness, fault, or bad faith." *Marovec v. PMX Indus.*, 693 N.W.2d 779, 786 (Iowa 2005).

The trial court did not find Boon acted in bad faith and the court specifically declined to impose dismissal as a discovery violation sanction. Consequently, the court advised Hunold that if she "reasonably believes that no evidence or testimony

could be produced at trial in support of [Boon]'s claims," she "may renew her motion to dismiss by filing such motion," seemingly contemplating a separate motion to dismiss outside of the resolved discovery matters. The court went on to instruct Boon he "would then be required to respond by outlining what evidence could be presented to support his claims after the court's sanction is imposed."

Under a motion to dismiss, dismissal is warranted because petitioner's pleading, on its face, is insufficient. Iowa R. Civ. P. 1.421(1); *Reiff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001) ("At issue is petitioner's right of access to the district court, not the merits of his allegations." (citation omitted)). "In considering a motion to dismiss, the court considers all well-pleaded facts to be true." *Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 609 (Iowa 2012) (quoting *U.S. Bank*, 770 N.W.2d at 353–54). A motion to dismiss "admits . . . [the] well-pleaded facts in the petition for the purpose of testing their legal sufficiency." *Id.* at 608–09. The court's directive to Boon that he "would then be required to respond by outlining what evidence could be presented to support his claims after the court's sanction is imposed" would be atypical of a motion to dismiss as "[t]he court cannot rely on evidence to support a motion to dismiss, nor can it rely on facts not alleged in the petition." *Id.* at 609 (citations omitted).

The court's description is fairly applicable to that of a motion for summary judgment. A motion for summary judgment seeks dismissal because there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). The opposing party then must set forth specific facts showing the existence of a genuine issue for trial. Iowa R. Civ. P. 1.981(5). In ruling on a motion for summary judgment, the trial court

considers a broader scope of facts than that of a motion to dismiss and engages in an evaluation of the evidence to determine whether trial is necessary. *See Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677 (Iowa 2004).

**C. Treatment of Motion to Dismiss as Motion for Summary Judgment**

It appears from the record the district court recognized a motion to dismiss may not have been the proper means for addressing the arguments advanced by the parties, and sua sponte treated the motion as one for summary judgment, disposing of the case accordingly. The question becomes whether this was reversible error, the answer to which rests on whether Iowa's Rules of Civil Procedure permit a trial court to convert a motion to dismiss to one for summary judgment and, if so, under what circumstances and procedures.

We first note that the Iowa Rules of Civil Procedure are based on the federal rules. *See* Iowa R. Civ. P. 1.421 official comment, motion to dismiss (explaining Iowa Rule 1.241 is derived from Federal Rule 12(b)). The federal rule permits a court to consider matters outside the pleadings on a motion to dismiss for failure to state a claim, treating the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d). In Iowa, however, "a motion to dismiss must be based upon matters alleged in the pleading assailed; facts not so appearing, except those of which judicial notice may be taken, must be ignored." *See* Iowa R. Civ. P. 1.421 official comment, matters outside pleadings.

Despite this, there are limited situations in which reviewing courts have found it acceptable to treat a motion to dismiss as one for summary judgment. *See Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 311 (Iowa 1982).

Generally, where the district court has ruled on a motion to dismiss in which facts outside the pleadings are relied upon, reviewing courts have not found error where: (1) those facts implicate a question of the parties' or court's authority to proceed and (2) where the parties are given notice of the court's intention and agree to the conversion. Boon argues the present case falls outside these recognized exceptions and seeks reversal.

Reviewing courts have not found error where, after providing notice to the parties of the court's intention and their agreement, the lower court treated a motion to dismiss as one for summary judgment. In *George v. D.W. Zinser Co.*, our supreme court found it permissible to review a district court's ruling treating a motion to dismiss as one for summary judgment. 762 N.W.2d 865, 867 (Iowa 2009). However, the court noted, "[a]s the motion to dismiss in this case relied on matters outside the pleadings *and both parties and the court* treated it as a motion for summary judgment, we will do so as well." *Id.* (emphasis added). Similarly, in *In re Estate of Bacon*, this court did not find an abuse of discretion where after the parties agreed to convert a motion to dismiss to one for summary judgment, the district court afforded an opportunity to the parties to submit briefs or memoranda in support of the converted motion. No. 16-1270, 2017 WL 1088112 at *4–5 (Iowa Ct. App. Mar. 22, 2017).

While the above case law identifies a few narrow situations where reviewing courts have not found error, less clear are the boundaries outside of these exceptions that constitute reversible error. Boon argues reversal is warranted because he was not afforded notice of the court's intention to treat what was filed as a motion to dismiss as one for summary judgment, denying him a fair

opportunity to respond when the court dismissed his petition by granting the motion because he failed to submit any disputed facts.

Case law lends some support to Boon's position as to the determinative nature of notice. In *Warford v. Des Moines Metropolitan Transit Authority*, the district court erroneously relied on matters outside the pleadings when ruling on a motion to dismiss. 381 N.W.2d 622, 623 (Iowa 1986). The ruling was appealed on procedural grounds, and the appellant urged our supreme court to simply review the lower ruling as one for summary judgment in an effort to conserve judicial resources. *Id.* at 623–24. However, the court refused, noting the parties below had not received notice that the district court intended to rely on facts outside the pleadings until they received the court's ruling. *Id.* at 624. Ultimately, the court limited their review to facts found in the pleadings and reversed and remanded the case. *Id.* at 625.

Further, in *Hernandez v. State*, applicant Hernandez applied for postconviction relief, arguing his trial counsel was ineffective. No. 02-1916, 2004 WL 573731, at *1 (Iowa Ct. App. Mar. 24, 2004). The State responded by filing a motion to dismiss, arguing that Hernandez's application failed to state a claim while also addressing the merits of his ineffective-assistance-of-counsel claim. *Id.* Hernandez filed a resistance to the State's motion, and the district court set the motion for hearing, referring to it as a "motion to dismiss defendant's application for postconviction relief." *Id.* After an unreported hearing, the district court issued a "ruling on respondent's motion for summary judgment." *Id.* The ruling addressed the merits of Hernandez's ineffective-assistance-of-counsel claim and granted summary judgment, dismissing Hernandez's application. *Id.* Hernandez appealed

the district court's ruling arguing, "the district court erred in considering the State's motion to dismiss as a motion for summary judgment without giving him notice of its intention or an opportunity to respond." *Id.*

We found "there is merit to Hernandez's argument that he was not fairly apprised of the district court's intention to summarily dispose of the claims in his application." *Id.* at *2. Specifically, we noted,

> The State filed a motion to dismiss, not a motion for summary judgment, and the order setting hearing refers to a "Motion to Dismiss Defendant's Application for Postconviction Relief." Moreover, the record provides no indication that the parties agreed to treat the State's motion to dismiss as a motion for summary judgment.

*Id.* We concluded that the district court should not have summarily dismissed Hernandez's application and reversed the district court's grant of summary judgment, remanding the case for further proceedings.[6] *Id.* at *3.

The instant case draws some stark distinctions from the above-cited cases. Due to the broad sanctions imposed, Boon has been stripped of the possibility of a successful argument in a resistance to a motion for summary judgment. Within the context of this case, and in light of the discovery sanction imposed on Boon, the distinctions between the motions are not determinative. This naturally implicates questions of judicial economy and whether reversal is necessary when the outcome of the matter will be unchanged. In an effort to conserve judicial resources, our supreme court has reviewed a lower court's ruling on a motion to dismiss that relied on matters outside the pleadings as one for summary judgment.

---

[6] In her brief, Hunold argues *Hernandez* is distinguishable from this case because Hernandez's claim occurred within criminal postconviction relief proceedings. Postconviction-relief proceedings are civil matters and the rules of civil procedure generally apply.

*See Stotts v. Eveleth*, 688 N.W.2d 803, 811–12 (Iowa 2004) (finding it procedurally incorrect for lower court to determine issue of duty in ruling on motion to dismiss but reviewing decision as one for summary judgment, stating "that would leave us no choice but to reverse and remand to allow these defendants to file a motion for summary judgment"). Unlike the applicant in *Hernandez,* Boon is foreclosed from the offer of evidence by a previous ruling on a motion for sanctions.

To conserve judicial resources, we find it prudent to apply the rationale of *Stotts* as sufficiently analogous to this case to be instructive. Due to the previous ruling preventing Boon "from presenting any evidence or testimony or calling any witnesses as part of his case that should have been included in the responses to the Interrogatories and request for production documents," and having reviewed the extent of the request for production and interrogatories requesting all witnesses and supporting documents that support his claim, the outcome of remanding for Hunold to file a motion for summary judgment rather than a motion to dismiss would not produce a different result.[7] Accordingly, we affirm the dismissal of Boon's petition to vacate.

## III. Appellate Attorney Fees

Hunold requests that this court award her appellate attorney fees. "An award of appellate attorney's fees is not a matter of right but rests within the

---

[7] Boon's argument in resistance to the motion to dismiss states that Hunold was "somehow attempting to speculate as to what evidence would be presented even though trial has not begun." Such argument is contrary to the purposes of discovery. *See Whitley v. C.R. Pharmacy Serv., Inc.*, 816 N.W.2d 378, 386 (Iowa 2012) (concluding our discovery rules exist to avoid surprise and that the duty to supplement responses is intended "to clarify issues prior to trial, avoid surprise to parties, and allow a complete opportunity to prepare for trial").

discretion of the court." *In re Marriage of Benson*, 545 N.W.2d 252, 258 (Iowa 1996). In exercising such discretion, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal." *In re Marriage of Gaer*, 476 N.W.2d 324, 330 (Iowa 1991). Although Boon was unsuccessful on appeal and Hunold was required to defend the trial court decision on appeal, we decline to award appellate attorney fees as the record is void of the parties' current financial conditions. We assess costs on appeal to Boon.

**AFFIRMED.**