# IN THE COURT OF APPEALS OF IOWA

No. 20-0199
Filed April 14, 2021

**BALAH H. RUSHING,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

The applicant appeals the denial of his third application for postconviction relief. **AFFIRMED.**

Peter M. Sand, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee, State.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

Balah Rushing appeals the denial of his third application for postconviction relief (PCR). In all three PCR applications, Rushing sought a remand for resentencing to consider whether imposition of a mandatory minimum sentence was appropriate given his age at the time of the criminal conduct. The district court summarily dismissed his third application for PCR finding it was barred by res judicata. Rushing argues res judicata should not apply because he never had an opportunity "to generate a record and get a hearing on the merits." We agree with the district court. We find Rushing's third application for PCR is barred by res judicata because his PCR claims have been raised and rejected in two prior postconviction actions. Thus, we affirm the denial of his PCR application.

**Background Facts and Proceedings.**

In 2014, Rushing threatened a taxi driver at gun point and demanded a free ride. At the time, he was eighteen years and seven months old. Rushing eventually pled guilty to second-degree robbery, in violation of Iowa Code section 711.1 (2014). He was sentenced to ten years in prison and was required to serve a mandatory minimum of seven years to be eligible for parole or work release pursuant to Iowa Code section 901.12 . Rushing did not appeal his conviction.

Rushing filed his first PCR application in February 2015, arguing the mandatory minimum sentence imposed was "unlawful due to his young age and . . . in violation of due process and the cruel and unusual punishment clauses in the Iowa Constitution and the United States Constitution." *Rushing v. State*, No. 15-1388, 2017 WL 1102745, at *1 (Iowa Ct. App. June 28, 2017). Rushing's application was denied. On appeal, Rushing asked that we extend the holding of

*Lyle*[1] to youthful offenders under age twenty-one. While that appeal was pending Rushing filed his second application for PCR.[2] In March 2017, this court affirmed the denial of his first PCR application. *See id.*

In September 2019, Rushing filed his third PCR application, again requesting we extend the holding of *Lyle*. The State responded by filing a motion for summary judgment arguing Rushing's claim is barred by the doctrine of res judicata. The district court granted the State's request for summary judgment and dismissed Rushing's third PCR application on res judicata grounds. He appeals.

**Standard of Review.**

We may review a challenge that a sentence is illegal at any time. *Lyle*, 854 N.W.2d at 382; *see also* Iowa R. Crim. P. 2.23(5)(a). "[W]e review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018) (citation omitted).

**Res Judicata.**

In its analysis of the third PCR application, the district court applied the doctrine of res judicata. "The doctrine of res judicata prevents a party from relitigating a claim or issue that has already been determined by a final judgment." *George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868 (Iowa 2009). For res judicata to

---

[1] *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014) held
> [A]rticle I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole.

[2] The district court dismissed Rushing's second application on summary judgment in July 2019.

apply, the following must be established: "(1) The parties in the first and second action were the same; (2) the claim in the second suit could have been fully and fairly adjudicated in the prior case; and (3) there was a final judgment on the merits in the first action." *Arnevik v. Univ. of Minn. Bd. Of Regents*, 642 N.W.2d 315, 319 (Iowa 2002).

First, the parties in all three PCR filings are the same. As for the issues adjudicated, Rushing filed his first PCR application in February 2015, arguing his sentence was "unlawful due to his young age and . . . in violation of due process and the cruel and unusual punishment clauses in the Iowa Constitution and the United States Constitution." *Rushing*, 2017 WL 1102745, at *1. Rushing relied on our supreme court's holding in *Null* for his argument.[3] *See* 836 N.W.2d at 76–77. The district court denied Rushing's claim and granted the State's motion for summary judgment, observing "*Null* and its progeny have only applied to juvenile offenders." *Rushing*, 2017 WL 1102745, at *1. Rushing appealed, asking this court to "exercise its independent judgement" and extend the *Lyle* holding to "youthful offenders under age twenty-one." *Id.* This court denied Rushing relief because of "controlling supreme court precedent" that was inconsistent with Rushing's claim. *Id.*

In August 2015, Rushing filed his second PCR application. He raised the same claim rejected in his first application. The State moved for summary

---

[3] In *State v. Null*, 836 N.W.2d 41, 76-77 (Iowa 2013), our supreme court held, "[A] 52.5–year minimum prison term for a juvenile based on the aggregation of mandatory minimum sentences for second-degree murder and first-degree robbery triggers the protections . . . afforded under *Miller*," where the Supreme Court required an examination of the "hallmark features of youth" before imposing a life sentence. *See Miller v. Alabama*, 567 U.S. 460, 477-78 (2012).

judgment, arguing the challenge was barred by res judicata.  The district court granted summary judgment for the State, noting Rushing conceded he "made the identical argument in a previous [PCR] proceeding."  Because of the preclusive effect of the earlier case, the court dismissed the action.  No appeal followed.[4]

Now in his third PCR application, Rushing once again asserts he should be resentenced with no mandatory minimum based on an extension of *Lyle*.  This time he points to scientific claims as well as authority from other jurisdictions that, if followed in Iowa, would reduce his sentence.  The district court granted the State's motion to dismiss.  Recognizing the claims to be the same, the district court found Rushing's arguments were barred by res judicata because of the prior rulings in the other PCR application proceedings.

On appeal, Rushing challenges the denial of his PCR application, arguing the "*Lyle* limitation"[5] was not meant to forever bar his argument for extending the *Null* or *Lyle* holdings, and that courts cannot bar a good faith argument for extending these holdings.  Rushing again asks us to extend the application of *Lyle* to young adult criminal offenders.  This argument, however, was already litigated by Rushing in his first two PCR applications, and both times the applications were rejected because his claim was contrary to existing legal precedent.  *See Arnevik*,

---

[4] In September 2017, Rushing moved to correct an illegal sentence, but the motion was denied by the district court.  Rushing appealed, and our supreme court treated it as a petition for writ of certiorari and denied the petition.

[5] The "*Lyle* limitation" refers to the supreme court's statement that

> [O]ur holding today has no application to sentencing laws affecting adult offenders.  Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time.  This case does not move any of the lines that currently exist in the sentencing of adult offenders.

*Lyle*, 854 N.W.2d at 403.

642 N.W.2d at 319. Moreover, in other cases, this court has been asked to extend the holding of *Lyle* and has refused to do so.[6]

Still, Rushing argues that although he has raised the issue before, he has not been allowed to generate a record as to why *Lyle* should be extended. Recently, this court rejected a similar claim to Rushing's in *State v. Claybon*, No. 18-0695, 2020 WL 1879630, at *1 (Iowa Ct. App. Apr. 15, 2020).[7] Because Rushing's argument involves a determination supported by legal precedent, and because the elements of res judicata are satisfied, we decline to take another look. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *see also Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) ("A [PCR] proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point.") (quoting *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971)).

**Conclusion.**

We affirm the district court ruling denying Rushing's third PCR application.

**AFFIRMED.**

---

[6] *See, e.g.*, *State v. McClain*, No. 19-0209, 2020 WL 824144, at *1–2 (Iowa Ct. App. Feb. 19, 2020) (collecting cases in which the Iowa Court of Appeals declined to extend the reasoning of *Lyle* to an adult offender).

[7] In *Claybon*, the defendant argued the court should have appointed an expert "to present testimony on the most recent studies regarding the development of the human brain." 2020 WL 1879630, at *1. This court held that since there were no Iowa cases suggesting that the *Lyle* protections would be extended to adult offenders under the right scientific record, Claybon was not entitled to relief. *Id.*